(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIAN V. MUSTO, : | |
| : | |
| Plaintiff, : | Civil No. 06-3253 (RBK) |
| : | |
| v. : | **OPINION** |
| : | |
| INTERNAL REVENUE SERVICE, : | |
| : | |
| Defendant. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by the Internal Revenue Service ("IRS") for summary judgment against Brian V. Musto ("Plaintiff") on his action for redetermination pursuant to 26 U.S.C. § 6330(d). Plaintiff seeks to challenge the IRS Appeals Office's determination that a lien against Plaintiff's property is warranted to collect certain unpaid employment taxes. For the reasons set forth below, the Court will grant the IRS's motion.

**I.  BACKGROUND**

Plaintiff formerly owned a now-dissolved entity called Brian V. Musto & Associates. (Compl. ¶ 5.) On April 15, 1997, the IRS informed Plaintiff of a proposed trust fund recovery penalty assessment against him for the period ending September 30, 1996 for unpaid payroll taxes of Brian V. Musto & Associates, Inc. (Voysest Decl. Ex. 4.) On June 26, 1997, the IRS notified Plaintiff of a similar assessment for the period ending December 31, 1996 for additional

payroll taxes owed by Brian V. Musto & Associates, Inc. (Id. Ex. 5.) These notices informed Plaintiff of his ability to contest the proposed assessments; however, he did not do so.

On September 30, 2005, the IRS wrote Plaintiff a letter notifying him of its intent to impose a lien against his property in an effort to collect the trust fund recovery penalty assessments. (Id. Ex. 1.) The letter also apprised Plaintiff of his right to request a collection due process hearing ("CDP hearing") to dispute the imposition of the lien. (Id.) Plaintiff timely requested such a hearing, which was held before Appeals Officer Voysest on May 9, 2006. (Id. ¶ 7.)

At the hearing, Plaintiff disputed his personal responsibility for the taxes, arguing instead that Brian V. Musto & Associates, Inc. owed the outstanding taxes. (Id. ¶ 10; Compl. ¶ 7.) Appeals Officer Voysest refused to entertain that argument, however, because Plaintiff had forfeited the opportunity to challenge the proposed assessments when he failed to respond to the initial notification in 1997. (See Voysest Decl. ¶ 7.) Following the hearing, the Appeals Office issued a Notice of Determination that the imposition of the lien against Plaintiff was proper. (Id. Ex. 6.) Plaintiff sought review of this determination by filing a complaint with this Court on July 18, 2006 pursuant to 26 U.S.C. § 6330(d). On June 29, 2007, the IRS filed the motion for summary judgment now before the Court. Plaintiff did not oppose the motion.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Because Plaintiffs' motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden, No. State Prison, 2006 WL 1128721, *3 (D.N.J. Apr. 27, 2006) (citations omitted). Here, the moving party is also the party bearing the burden of proof, so the Court must determine "that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 176 (3d Cir. 1990).

**III.   DISCUSSION**

The IRS argues that it is entitled to summary judgment because Plaintiff's action for redetermination improperly attempts to challenge the tax liability underlying the imposition of the lien, which he is precluded from doing by the Internal Revenue Code.  The IRS argues further that it is entitled to summary judgment because the Appeals Officer Voysest did not abuse its discretion in this matter.

Section 6330 outlines the rights and procedures associated with the imposition of a tax lien.  Under § 6330, a taxpayer is entitled to written notice of the IRS's intent to issue a lien, as well as written notice of the right to a CDP hearing before the IRS Appeals Office prior to the imposition of any such lien.  See 26 U.S.C. § 6330(a)(1).  During the CDP hearing, the taxpayer may raise any relevant issue related to the unpaid tax or proposed lien, including offers of collection alternatives.  26 U.S.C. § 6330(c)(2)(A).  However, the taxpayer may only challenge the underlying tax liability at the CDP hearing if the individual did not previously have an opportunity to dispute such tax liability.  26 U.S.C. § 6330(c)(2)(B).

In turn, the IRS Appeals Officer must verify that all applicable laws and procedures have been followed, and he must consider any relevant arguments or challenges raised by the taxpayer. 26 U.S.C. § 6330(c)(3).  The Appeals Officer must then weigh "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  26 U.S.C. § 6330(c)(3)(C).  Based on these considerations, the Appeals Officer will issue a final determination regarding a proposed tax lien.

Section 6330 also provides for judicial review of the final determination of the Appeals

Officer by bringing an action for redetermination in federal district court. 26 U.S.C. § 6330(d). A district court only has jurisdiction to review matters that were properly before the Appeals Officer during the CDP hearing. The standard of review of a CDP hearing is de novo when the underlying tax liability is properly raised at the hearing. Gardner v. United States, No. Civ. A. 04-2686, 2005 WL 1155728 (D.N.J. April 5, 2005) (citing Allglass Sys. v. Commissioner, 330 F. Supp. 2d 540, 543 (E.D. Pa. 2004)). Where the underlying tax liability is not contested during the hearing, however, the reviewing court must use an abuse of discretion standard. Id.

As an initial matter, this Court lacks jurisdiction to review Plaintiff's underlying tax liability since that issue was not properly before Appeals Officer Voysest during the CDP hearing. Plaintiff first received notice of the IRS's proposed trust fund recovery penalty assessment against him for the period ending September 30, 1996 via letter dated April 15, 1997. (Voysest Decl. Ex. 4.) On June 26, 1997, the IRS sent Plaintiff a second notice concerning a proposed trust fund recovery penalty assessment for the period ending December 31, 1996. (Id. Ex. 5.) Both notices informed Plaintiff of his right to contest the proposed assessments; however, Plaintiff failed to take any action. (Id. ¶ 7.) As a result, Appeals Officer Voysest refused to entertain Plaintiff's challenges to the underlying tax liability at the CDP hearing pursuant to 26 U.S.C. § 6330(c)(2)(B). (See id.) Since this Court's jurisdiction extends only to those matters properly before the Appeals Officer at the CDP hearing, the Court can only review whether Appeals Officer Voysest abused his discretion in finding that the lien against Plaintiff's property was proper.

Under the abuse of discretion standard, a court "'must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of

5

judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.'" AllGlass Sys., Inc., 330 F. Supp. 2d at 544 (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971)).

The Court finds that Appeals Officer Voysest did not abuse its discretion by finding the lien appropriate. First, at the CDP hearing, Appeals Officer Voysest, who had no prior involvement with Plaintiff's case, obtained verification from the Secretary that the requirements of any applicable law or administrative procedure had been met. (Voysest Decl. ¶ 10.) Additionally, Plaintiff did not suggest any collection alternatives. (Id.) Finally, Appeals Officer Voysest determined that the issuance of the lien by the IRS balanced the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary. (Id. ¶ 12.) At the hearing Plaintiff did not make any arguments regarding the satisfaction of applicable law and administrative procedure, collection alternatives, or intrusiveness. (Id. ¶ 11.) The only challenge Plaintiff raised was whether or not he owed the tax. (Id.) As a result, this Court finds no basis to conclude that Appeals Officer Voysest abused his discretion in upholding the validity of the lien.

## IV.  CONCLUSION

For the foregoing reasons, the IRS's motion for summary judgment will be granted. An accompanying order shall issue today.


Dated: 3/3/08                                                    s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge

6